USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-MANAGEMENT
CORPORATION, THE NEW YORK CITY DISTRICT,
COUNCIL OF CARPENTERS, THE TRUSTEES OF
THE EMPIRE STATE CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-MANAGEMENT
COOPERATION, PENSION and WELFARE FUNDS,

                         Plaintiffs,

            -v-

INSTALLATIONS OF AMERICA, INC.,
INSTALLATIONS OF AMERICA II, INC.,
VANDEWATER HOLDING COMPANY, INC.,
INTERNATIONAL MILLWORK & FIXTURING, INC.,
UNITED INSTALLERS OF MILLWORK INC., and
UNITED MILLWORK OF NY, INC.,

                         Defendants.

------------------------------------------------------------X

15 Civ. 8316 (PAE)

OPINION & ORDER

**PAUL A. ENGELMAYER, District Judge:**

On March 16, 2016, plaintiffs Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor-Management Corporation, and the New York City District Council of Carpenters (collectively, the "NYC Funds") moved for summary judgment against defendants Installations of America, Inc. ("Installations I") and

Vandewater Holding Co., Inc. ("Vandewater") (collectively, "Installations I/Vandewater"). Dkt. 16. The NYC Funds sought confirmation of an arbitrator's June 19, 2015 default award, Dkt. 18, Ex. F ("Award"), awarding the NYC Funds contributions that Installations I/Vandewater had withheld and wrongfully retained.[1] The NYC Funds also sought interest plus attorney's fees and costs incurred during this proceeding.

On April 11, 2016, the Court directed Installations I/Vandewater to file any opposition by May 6, 2016. Dkt. 22. To date, it has not done so. For the following reasons, the Court grants the NYC Funds' motion and confirms the arbitration award.

## I. Background[2]

### A. The Parties

Installations I is a New York State corporation. Pl. Mem. at 7. It was incorporated on May 14, 1992, and changed its name to "Vandewater Holding Company, Inc." on April 28, 2005. *Id.* At all relevant times, Installations I/Vandewater was a party to a collective bargaining agreement (the "CBA") with the New York City District Council of Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union"). *Id.* at 7–8; *see also* Ozard Decl., Ex. A ("CBA").

---

[1] The Award involved only the NYC Funds and Installations I/Vandewater. Dkt. 19 ("Pl. Mem.") at 7. Accordingly, this motion does not concern the remaining plaintiffs (the Trustees of the Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Fund) or remaining defendants (Installations of America II and International Millwork & Fixturing, Inc.) *Id.* This motion also does not concern former defendants United Installers of Millwork Inc. and United Millwork of NY, Inc., against whom plaintiffs voluntarily dismissed all claims on December 13, 2016. Dkt. 32.

[2] The following undisputed facts are derived from the Petition, Dkt. 16 ("Pet.") and the exhibits attached thereto, the declarations of Nicole Marimon, Dkt. 17 ("Marimon Decl."), and Christopher Ozard, Dkt. 18 ("Ozard Decl."), and plaintiffs' memorandum of law, Dkt. 19.

### B. The Collective Bargaining Agreement

The CBA required Installations I/Vandewater to make certain contributions to the NYC Funds in connection with employee performance of specific covered work. CBA Art. XV. The CBA also required Installations I/Vanderwater to submit to an audit at the NYC Funds' request. *Id.* It also incorporated the NYC Funds' Policy for Collection of Employer Contributions, which provides that the NYC Funds are entitled to (a) liquidated damages and interest on any delinquent contributions, and (b) attorneys' fees and costs incurred in having to collect delinquent contributions. Pl. Br. at 8; CBA Art. XV.

Under the CBA, the NYC Funds conducted an audit of Installations I/Vandewater's books and records covering the period of December 27, 2012 through March 26, 2014. Pl. Br. at 8. The audit revealed a delinquency in the principal amount of $3,532.56, which Installations I/Vandewater failed to remit. *Id.*

At that point, the NYC Funds invoked the CBA's arbitration clause and submitted the dispute to arbitration. *Id.*; *see also* CBA Art. XV ("Should any dispute or disagreement arise between the parties . . . concerning any claim arising from payments to the Fund of principle and/or interest which is allegedly due, either party may seek arbitration of the dispute . . . ."); *id.* ("The arbitrator's award in this regard shall be final and binding upon the parties . . . .").

### C. The Arbitration Award

The dispute was submitted to Roger E. Maher, an approved arbitrator listed in the CBA. *See* CBA Art. XII. The NYC Funds sent Installations I/Vandewater notice of its intent to arbitrate and of the upcoming arbitration hearing. Pl. Br. at 8.

On May 27, 2015, the date of the hearing, the NYC Funds appeared but Installations I/Vandewater did not. Award at 1; Pl. Br. at 8. Maher found Installations I/Vandewater in default and heard testimony and took evidence on the NYC Funds' claims. Award at 2.

On June 19, 2015, Maher issued the Award. *Id.* at 3. He held that the CBA had become effective on January 1, 1998. *Id.* at 2. He further ruled that, based on the NYC Funds' "substantial and credible evidence," Installations I/Vandewater was delinquent in payments due under the CBA. *Id.* at 2. Maher determined that Installations I/Vandewater owed the NYC Funds a total of $39,279.16, consisting of: (1) contributions of $3,532.56; (2) additional shortages of $19,248.13; (3) interest on the principal in the amount of $301.54; (4) interest on the additional shortages in the amount of $3,020.69; (5) liquidated damages on the principal in the amount of $706.51; (6) liquidated damages on the additional shortages in the amount of $3,849.63; (7) late payment interest in the amount of $2,473.22; (8) assessments to the Promotional Fund of $468.38; (9) court costs of $400; (10) attorney's fees of $1,500; (11) an arbitrator's fee of $500; and (12) audit costs of $3,278.50. *Id.* at 3; *see* Pl. Br. at 9. Maher further determined that interest would accrue at the rate of 5.25% from the date of the Award. Award at 3. Installations I/Vandewater has not paid the Award. Pl. Br. at 9.

### D. This Action

On March 16, 2016, the NYC Funds filed a petition in this Court to confirm the Award, along with attached exhibits, Dkt. 16, and properly served Installations I/Vandewater, Dkts. 8 & 2. Installations I/Vandewater's opposition was due May 6, 2016. *See* Dkt. 22. To date, Installations I/Vandewater has not filed a notice of appearance in the case or opposed the petition.

## II. Applicable Legal Standard

4

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides a "streamlined" process for a party seeking a "judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Hall St. Assocs. L.L.C. v. Mattell, Inc.*, 552 U.S. 576, 582 (2008). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). But "[a]rbitration awards are not self-enforcing." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 63 (2d Cir. 2003), *overruled on other grounds by Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576 (2008). Rather, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair*, 462 F.3d at 104.

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Willemijn Houdstermaatschappij, BV v. Standards Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). "To ensure that the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation are met, arbitration awards are subject to very limited review." *NYKcool A.B. v. Pac. Fruit Inc.*, No. 10 Civ. 3867 (LAK) (AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting Second Circuit cases). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008). To survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (citing *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) ("[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial . . . ."). Similarly, on an unopposed motion for confirmation of an arbitration award,

> a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material

6

issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*"

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

### III. Discussion

#### A. Confirmation of the Arbitration Awards

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as the NYC Funds have shown there is no material issue of fact in dispute. Arbitrator Maher acted well within the scope of the authority granted him by the parties. *See* CBA Art. XII. He found "substantial and credible evidence" that the CBA required Installations I/Vandewater to make certain contributions to the NYC Funds and that Installations I/Vandewater had failed to do so. Award at 2. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of the NYC Funds, for a total amount of $39,279.16. *See* Pl. Br. at 9.

#### B. Interest

The NYC Funds also seek pre- and post-judgment interest. Pl. Br. at 15.

##### 1. Pre-Judgment Interest

"New York law provides for prejudgment interest running from the date of an arbitration award until the entry of final judgment." *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286, 292 (S.D.N.Y. 2010); *see also In re Arbitration Between Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F. Supp. 2d 223, 227 (S.D.N.Y. 2005) ("[A]n arbitration award confirmed under the FAA bears interest from the date of the award until judgment

confirming it." (citation omitted)). The Court therefore grants the NYC Funds pre-judgment interest calculated from the date of the Award until the date of entry of judgment in this action.

As to the rate of that interest, under 29 U.S.C. § 1132(g)(2), "interest on unpaid contributions shall be determined by using the rate provided under the plan." The arbitrator determined the proper interest rate under the CBA to be 5.25%, Award at 3, and, under the NYC Funds' Policy for Collection of Employer Contributions, which is incorporated by the CBA, interest on unpaid contributions is compounded on a daily basis, Ozard Decl. ¶ 11. Accordingly, the Court awards pre-judgment interest compounded daily at a rate of 5.25% from the date of the Award.

### 2. Post-Judgment Interest

As to the NYC Funds' request for "post-judgment interest in accordance with 28 U.S.C. § 1961's provisions," Pl. Br. at 16, pursuant to 28 U.S.C. § 1961(a) post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court, . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir.2013) (collecting cases). Arbitration is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitration. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in

an arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

### C.     Attorneys' Fees and Costs

The NYC Funds also seek reasonable attorneys' fees and costs incurred in bringing this petition, to which they are entitled under Section 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). *See* 29 U.S.C. § 1132(g)(2) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ."); *see generally Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12 Civ. 3049 (JFB) (GRB), 2014 WL 2600095, at *8 (E.D.N.Y. June 11, 2014).

A party seeking attorneys' fees "bears the burden of . . . documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The starting point for calculating a "presumptively reasonable fee" is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see generally Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)). Courts are obliged to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley*, 461

U.S. at 434). The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is this District. *Arbor Hill Concerned Citizens*, 522 F.3d at 190–91.

Here, the NYC Funds seek attorneys' fees of $5,265, reflecting 24.7 hours of work. *See* Pl. Br. at 15.[3] To support their request for such fees, the NYC Funds submitted a Declaration explaining the underlying calculations and an invoice detailing the tasks performed and the hours worked by their counsel. *See* Marimon Decl.; *id.*, Ex. D. The Declaration and invoice show that one associate worked 13.1 hours billed at $225 per hour, another associate worked 9.1 hours billed at $225 per hour, an "of counsel" attorney worked 0.1 hours billed at $300 per hour, and a legal assistant worked 2.4 hours billed at $100 per hour. *See* Marimon Decl.; *id.*, Ex. D. Courts in this Circuit have recently found fees at similar rates reasonable. *See, e.g., Trustees of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *7 (S.D.N.Y. Dec. 11, 2013); *Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *5 (S.D.N.Y. Aug. 29, 2012) (collecting cases). The Court similarly so finds.

For these reasons, the request for attorney's fees and costs incurred during this proceeding is granted in the amount of $5,265.

---

[3] The NYC Funds repeatedly refer to "attorneys' fees *and costs*" in their legal submission, but they make no specific request for additional costs beyond attorneys' fees. *See* Pl. Br. at 14–15 (emphasis added).

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of the Union and issues judgment against Installations I/Vandewater in the amount of $39,279.16, plus $5,265 in attorneys' fees, and plus pre- and post-judgment interest. An order will follow as to the remaining defendants, Installations of America II, Inc. and International Millwork & Fixturing, Inc.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: January 26, 2017
New York, New York